IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKY KOHN, Individually, and on behalf of all those similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>MORGAN PROPERTIES, LLC., MORGAN PROPERTIES MANAGEMENT, L.P., and MORGAN PROPERTIES PAYROLL SERVICES, INC.,<br><br>　　Defendants. | Case No.<br><br><br><br>JURY TRIAL DEMANDED |

## VERIFIED COLLECTIVE ACTION AND CLASS ACTION COMPAINT

NOW COMES Plaintiff Micky Kohn, by and through his attorney, David Manes, Esq. of Manes & Narahari LLC, and respectfully submits this Verified Collective Action and Class Action Complaint on behalf of himself and all those similarly situated, averring as follows:

### SUMMARY

1. Plaintiff brings this Collective Action and Class action to recover damages for Defendants' unlawful denial of wages of over 100 employees, depriving them of appropriate compensation of hours worked to which they should have been entitled during their employment.

### JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. §333.104, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. §260.1, et seq ("WPCL").

3. This Court specifically has jurisdiction over FLSA claims pursuant to 29 U.S.C. §216(b).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Micky Kohn ("Kohn") is an adult individual with a primary residence located at 1539 Evans Road, Pottstown, PA 19465.

8. Defendant Morgan Properties, LLC, is a Pennsylvania limited liability company with a primary address of 160 Clubhouse Road, King of Prussia, PA 19406.

9. Defendant Morgan Properties, L.P., is a Pennsylvania Limited partnership with an address of 108 East High Street, Waynesburg, PA 15370.

10. Defendant Morgan Properties Payroll Services, Inc., is a Pennsylvania business corporation with an address of 831 Dekalb Pike, Blue Bell, PA 19422.

11. All defendants operate interchangeably with regard to the matters asserted in this Complaint, and all defendants act jointly as the employer of Kohn and the Class within the meaning of the applicable laws.

12. In this Complaint, all defendants are referred to jointly as "Morgan Properties" or "Defendants".

## **CLASS ACTION ALLEGATIONS**

13. The named Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Morgan Properties in Pennsylvania. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil Procedure 1701, et seq., on behalf of a Class consisting of: all current and former hourly employees of Morgan Properties in the Commonwealth of Pennsylvania during the beginning three years prior to the filing of this action ("the Class").

14. Plaintiff believes that there are at least 100 of presently and formerly employed hourly paid Morgan Properties employees in the Class. Given Defendants' massive size and the systematic nature of Defendants' failure to comply with Pennsylvania statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

15. Plaintiff's claims are typical of the claims of the Class members because he was an hourly employee who, like the Class members, sustained damages arising out of Defendants' campaign to force him to work off-the-clock and failure to provide meal and rest periods.

16. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex, class action litigation.

17. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiff and the Class are:

    a. Whether the work performed by Plaintiff and the Class is included in the type of work Morgan Properties employed Plaintiff and the Class to perform;

b. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of forcing or permitting Plaintiff and the Class to work off-the-clock without compensation;

c. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of encouraging Plaintiff and the Class not to report all time worked;

d. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of threatening Plaintiff and the Class with discharge, demotion, or discrimination or otherwise intimidating Plaintiff and the Class if they do not work off-the-clock;

e. Whether Defendants failed to permit meal and rest periods as required by Pennsylvania law and Morgan Properties' stated policy and its company-wide agreements;

f. Whether Defendants failed to properly compensate Plaintiff and the Class in connection with interruptions in their meal or rest periods as set forth in Morgan Properties' stated policy and its company-wide agreements;

g. Whether Defendants have failed to keep true and accurate time records for all hours worked by its employees as required by Morgan Properties' policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;

h. Whether Morgan Properties failed to pay Plaintiff and the Class for the work the Defendants required them to perform;

i. Whether Regional Managers have tortiously interfered with Morgan Properties' contract with its employees and/or violated the laws and regulations of Pennsylvania relating to wages for hourly employees for the personal benefit of management and personnel;

j. Whether Defendants violated the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104;

k. Whether Defendants violated the Pennsylvania Wage Payment and Collection Law, 43. P.S. § 260.1 et seq.: and;

l. The nature and extent of class-wide injury and the measure of damages for the injury.

18. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' records.

19. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

21. Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## **PRELIMINARY ALLEGATIONS**

22. Morgan Properties is primarily engaged in the management of properties, which serve residences throughout the United States.

23. Morgan Properties operated approximately 55 properties in Pennsylvania.

24. Beginning at a date unknown to Plaintiff, but at least as early as three years prior to the filing of this action, Defendants committed, and continued to commit, acts of wage abuse against its hourly employees including but not limited to: forcing Plaintiff and the Class to work off-the-clock, failing to pay Plaintiff and the Class for their overtime worked and for meal and rest periods that they were prevented from taking.

25. Morgan Properties clandestine program of forcing its hourly employees to work off-the-clock is, in part, carried out through its culture. Morgan Properties give employees work assignments that Morgan Properties knows or should know its employees cannot complete within their scheduled hours. Morgan Properties also places pressure on its employees to complete their work assignments though intimidation, threats of discharge, and demotion, while at the same time precluding such employees from clocking in for hours worked necessary to accomplish their assignments outside their regular work schedule. Consequently, employees must work after clocking out at the end of their shifts and though meal and rest periods without being compensated for that time.

26. Morgan Properties' Management in Pennsylvania have financial incentives to suppress expenses. These Management financial compensation and bonuses are enhanced by reduction of

expenses. The Management has adopted and are using methods to decrease compensation to be paid to Morgan Properties employees, including Plaintiff and the Class. Among those methods are forcing employees to work off-the-clock, causing employees to work without receiving their required meal and rest periods and manipulating time and wage records to reduce the amounts paid to Morgan Properties employees. It is through the direction and control of its Management that Morgan Properties is able to carry out its wrongful wage and labor scheme.

27. Morgan Properties also pressures its supervisors to encourage its employees not to record all their time actually worked and/or not to take their meal and rest periods. Indeed, Morgan Properties' practice is to pay little or no overtime. Morgan Properties also awards financial bonuses to its Management based on factors (i.e., net profit rations, which are affected by payroll ratios) that encourage such Management to grossly understaff properties.

28. Morgan Properties scheme to underpay its hourly employees is also carried out in other ways. Employees who work overtime are "encouraged" not to clock their time, or their time will be changed for them. Also, supervisors assign hourly employees to tasks after such employees have clocked out.

29. In addition, Morgan Properties causes its employees to work through meal and rest periods. On numerous occasions, Plaintiff and the Class did not receive a meal or rest period but one was added to their timesheet for the day.

30. Morgan Properties knew or should have known that its employees were working off-the-clock by virtue of the fact that (a) its supervisors have been present at properties when off-the-clock work was occurring; (b) it assigns work that cannot be accomplished during an employee's shift and makes threats or intimidating remarks if the assigned work is not completed but refuses to allow the employee to clock in for the additional time necessary to accomplish such work; and

(c) it systematically understaffs its properties. Further, Morgan Properties knew or should have known that its employees were precluded from taking their rest or meal breaks.

31. Defendants forced Plaintiff and the Class to work off-the-clock. After clocking out supervisors would tell Plaintiff and the Class that if they wanted to move up in the company that they could not leave until they completed their task or tasks. Defendants were aware that Plaintiff and the Class had clocked out. This additional work would take anywhere from 15 minutes to an hour and often occurred every shift and employee would work.

32. On numerous occasions, machines required to complete work would be broken and the Plaintiff and the Class would be required to work extra time off-the-clock in order to complete work that was unable to be completed due to mechanical issues.

## FIRST CAUSE OF ACTION
**Collective Action Under the FLSA**

33. Plaintiff re-alleges and incorporated by reference.

34. This action is collective action brought by Mr. Kohn as one of a class of no less than 100 of Morgan Properties workers who were unlawfully mischaracterized and/or denied wages and overtime due under the FLSA.

35. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendants' business records to inform them of this collective action and give them the opportunity to opt in.

36. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including inter alia, the following:

       a. What wages and overtime the Defendants failed to pay to its workers in violation of the FLSA;

    b. What actual damages Class members are entitled to; and

    c. What liquidated/punitive damages Class members are entitled to.

37. Kohn's claims are typical of the claims of other members of the Class which he seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendants.

38. Kohn will fairly and adequately protect the interests of the members of the Class, and Kohn has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Kohn would be rulings that would benefit any other member of the Class.

39. Kohn has retained competent counsel, with experience handling similar actions.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

    a. It would be unduly burdensome to the courts;

    b. It would result in significant delays; and

    c. It would increase expenses to all parties.

41. In the interest of judicial economy, a collective action is the appropriate method to bring Count I of this action.

42. Morgan Properties, LLC is an employer within the meaning of the FLSA.

43. Morgan Properties Management, L.P. is an employer within the meaning of the FLSA.

44. Morgan Properties Payroll Services, Inc. is an employer within the meaning of the FLSA.

45. As described above, Defendants willfully failed to pay wages and overtime to the Class members during their employment, in violation of the FLSA.

## COUNT II
### Class Action Under the PMWA

46. The above paragraphs are incorporated here by reference.

47. This action is also brought individually and as a Rule 23 class action by Mr. Kohn as one of a class of Morgan Properties workers in Pennsylvania who were unlawfully denied wages and overtime due under the PMWA.

48. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked and/or (ii) denied overtime compensation at the rate of 1.5 times their regular rate of pay for hours worked in excess of 40 hours per week.

49. The other similarly situated workers who were denied wages and overtime can be easily identified and contacted by an examination of Defendants' business records to inform them of this class action.

50. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

  a. What wages and overtime the Defendants failed to pay to its workers in violation of the PMWA;

  b. What actual damages Class members are entitled to; and

  c. What liquidated/punitive damages Class members are entitled to.

51. Kohn's claims are typical of the claims of other members of the Class which he seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

52. Kohn will fairly and adequately protect the interests of the members of the Class, and Kohn has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Kohn would be rulings that would benefit any other member of the Class.

53. Kohn has retained competent counsel, with experience handling similar actions.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

　　a. It would be unduly burdensome to the courts;

　　b. It would result in significant delays; and

　　c. It would increase expenses to all parties.

55. In the interest of judicial economy, a class action is the appropriate method to bring this action.

56. Morgan Properties, LLC is an employer within the meaning of the PMWA.

57. Morgan Properties Management, L.P. is an employer within the meaning of the PMWA.

58. Morgan Properties Payroll Services, Inc. is an employer within the meaning of the PMWA.

59. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

60. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendant.

61. As described above, Defendants willfully failed to pay wages and overtime to the Class members during their employment, in violation of the PMWA.

## COUNT III
## Class Action Under the WPCL

62. The above paragraphs are incorporated here by reference.

63. This action is also brought individually and as a Rule 23 class action by Mr. Kohn as one of a class of Morgan Properties workers in Pennsylvania who were unlawfully denied wages and overtime due under the WPCL.

64. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked and/or (ii) denied overtime compensation at the rate of 1.5 times their regular rate of pay for hours worked in excess of 40 hours per week.

65. The other similarly situated workers who were denied wages and overtime can be easily identified and contacted by an examination of Defendants' business records to inform them of this class action.

66. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages and overtime the Defendants failed to pay to its workers in violation of the WPCL;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

67. Kohn's claims are typical of the claims of other members of the Class which he seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

68. Kohn will fairly and adequately protect the interests of the members of the Class, and Kohn has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Kohn would be rulings that would benefit any other member of the Class.

69. Kohn has retained competent counsel, with experience handling similar actions.

70. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;
   b. It would result in significant delays; and
   c. It would increase expenses to all parties.

71. In the interest of judicial economy, a class action is the appropriate method to bring this action.

72. Morgan Properties, LLC is an employer within the meaning of the WPCL.

73. Morgan Properties Management, L.P. is an employer within the meaning of the WPCL.

74. Morgan Properties Payroll Services, Inc. is an employer within the meaning of the WPCL.

75. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

76. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendant.

77. As described above, Defendants willfully failed to pay wages and overtime to the Class members during their employment, in violation of the WPCL.

## COUNT IV
### Breach of Contract: Working Off-The-Clock

78. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs.

79. At the time Plaintiff and the Class accepted employment with Morgan Properties, they were hired to work at a fixed hourly wage rate. Plaintiff and the Class were expressly told the rate they would earn for each hour worked. Plaintiff Kohn was told he would be paid an hourly wage of $20.00.

80. Plaintiff and the Class were given a copy of the employee handbook. The employee handbook addresses working off-the-clock as follows:

> "Non-exempt employees may not work off-the-clock at any time, even if a manager asks the employee to do so. No one is authorized to instruct any employee to perform work without compensation. Implicit or explicit directives to work off-the-clock are prohibited."

81. Defendant's policies were disseminated to Plaintiff and the Class orally in a manner to ensure that they were aware of the contents and would reasonably believe it to be an offer of employment pursuant to the terms contained in the employee handbook and oral policies.

82. Plaintiff and the Class accepted Defendant's offer of employment by commencing and/or continuing work after learning of their policies.

83. The employment contract between Plaintiff and the Class and the Defendants arises from Morgan Properties' express policies and the parties' express agreements concerning compensation, off-the-clock work, and rest and/or meal periods by adopting an expectation of specific treatment and continuing to work for Defendants.

84. Defendants foresaw or reasonably should have foreseen that Plaintiff and the Class would rely upon said promises concerning compensation, off-the-clock work, and rest and/or meal periods by adopting an expectation of specific treatment and continuing to work for Defendants.

85. Defendants breached their contract with Plaintiff and the Class by not paying them for all hours worked pursuant to Pennsylvania law and the agreements between the parties.

86. For many of the hours Plaintiff and the Class worked off-the-clock in their tenure with Morgan Properties, they received no compensation from Morgan Properties. Morgan Properties' failure to pay Plaintiff and the Class for the time worked off-the-clock violated the parties' employment agreements.

87. Plaintiff and the Class worked off-the-clock at the direction and behest of Defendant, including Defendant supervisors. Plaintiff and the Class did not voluntarily perform this work, but rather it was undertaken with the expectation of earning their hourly wage.

88. Morgan Properties is liable to Plaintiff and the Class for the damages incurred as a result of Defendant's failure to pay Plaintiff and the Class for their off-the-clock work.

## COUNT V
### Breach of Contract: Failure to Provide Rest and Meal Periods

89. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

90. Morgan Properties entered into contracts with each employee under which Morgan Properties agreed to provide them with rest and meal breaks if they worked a certain amount of time in a workday.

91. Morgan Properties breached these agreements by failing to provide Plaintiff and the Class with the agreed rest and meal periods and failing to compensate them for the entire period at their regular rate of pay in instances where rest and meal periods were not taken to perform work.

92. On many occasions, Plaintiff and the Class did not take their rest periods in order to perform work. They did not receive compensation for that time worked and were not permitted to take additional rest or meal periods in accordance with the agreements between the parties.

93. Defendant breached their express agreement with Plaintiff and the Class to pay wages according to Pennsylvania law and to follow the mandates of Pennsylvania law.

94. Accordingly, Defendant is liable to the Plaintiff and the Class for damages incurred as a result of Defendant's failure to provide the rest and meal periods and compensation in instances where rest and meal periods were abandoned to perform work in accordance with the agreements between the parties.

## COUNT VI
**Unjust Enrichment – Quasi Contract**

95. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96. The subsequent thereto Defendant, devised and implemented a plan to increase their profits fostering a scheme of securing uncompensated work from Plaintiff and the Class as in more specifically alleged hereafter.

97. More specifically, contrary to all good faith and fair dealing, Defendant instructed and encouraged supervisors, to induce by threats or promises, the Plaintiff and the Class with to work off-the-clock and during breaks, for which no compensation has been given.

98. That by reason of having secured the work and efforts of Plaintiff and the Class with compensation, Morgan Properties enjoyed reduced over-head expenses with respect to the amount being paid to employees, to their own benefit and to the detriment of Plaintiff and the Class, and that it retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

99. That accordingly, Plaintiff and the Class are entitled to judgement in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests that this Court certify a collective action under Count I and a class action under Count II, Count III, Count IV, Count V and Count VI enter judgement in her favor, an in favor of all those similarly situated against the Defendants, and award all damages available at law in equity, including:

a. Unpaid wages for hours actually worked;

b. Unpaid overtime for hours worked in excess of 40 per week;

c. Liquidated damages under the FLSA in an amount of 100% of unpaid wages and overtime;

d. Liquidated damages under the WPCL in an amount of 25% of unpaid wages and overtime or a minimum statutory amount of $500 per employee;

e. Attorney's fees and costs;

f. Prejudgment and continuing interest; and

g. Any other relief that the Court deems necessary and proper.

Respectfully Submitted,

_____
**David Manes, Esq.**
PA ID No. 314661

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## **VERIFICATION**

I, Micky Kohn, make this verification and state the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements therein are made subject to the penalty of perjury under the laws of the United States of America.

_____
Micky Kohn